# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL E. REDFERN,**

                    **Plaintiff,**

**-vs-**                                                     **Case No. 6:07-cv-1639-Orl-19DAB**

**SR PLUMBING CORP., SAMUEL RIVERA,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on May 28, 2008 with counsel for both parties attending by telephone.

Based on the representations of counsel, Plaintiff was employed by Defendants as a supervisor, or senior project manager, from September 2005 to June 2007. The extent of Plaintiff's status as salaried and exempt (October 2006 to June 2007) and as an hourly worker (September 2005 to October 2006) was disputed by both sides. Although Plaintiff's counsel[1] originally estimated damages owed to be around $12,000, for alleged overtime, Plaintiff's current counsel conceded that there was no dispute about the time Plaintiff was salaried and exempt, once Defendants' summary was provided, there was little dispute about the overtime owed. *See* Doc. No. 18-2. Plaintiff's counsel represented that the settlement to Plaintiff of $6,605.24 for overtime represents all of the principal amount owed to Plaintiff for overtime ($2,758.87), plus liquidated damages, and unpaid mileage ($1,087.50). Settlement in the amount of $6,605.24 to Plaintiff for unpaid wages and liquidated damages is a fair and reasonable settlement.

The parties have not finalized an agreement as to attorney's fees, but anticipate doing so promptly. It is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the case be

---

[1] Plaintiff was initially was represented by different counsel.

**DISMISSED** with leave for Plaintiff to file a motion for attorney's fees within 45 days if the parties cannot resolve the matter.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 29, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy